On October 10, 1999, Appellant, Roberta M. Chesser entered into a rental agreement with her brother, William C. Chesser, the Appellee in this matter, for the premises located at 3358 Swans Road, N.E., Newark, Ohio. On October 25, 2000, appellant gave notice to Appellant that she was terminating his tenancy within forty-five (45) days of the date of the letter. On December 20, 2000, appellant delivered a three-day notice to appellee advising him that his tenancy had terminated and that she would commence an action to recover possession of the premises. On December 29, 2000, appellant filed a complaint seeking to recover possession of said premises. Appellant cited a number of violations of the terms of the lease, including allowing pets in the premises, refusing to allow Appellant the right to enter the premises, and having more occupants in the residence than allowed in the rental agreement. By judgment entry filed January 17, 2001, the trial court overruled Appellant's request for possession of the premises. Appellant filed an appeal and this matter is now before the court for consideration. ASSIGNMENT OF ERROR; THE TRIAL COURT ERRED BY FAILING TO ENFORCE PARAGRAPH 12 OF THE RENTAL AGREEMENT WHICH PERMITS EITHER PARTY TO TERMINATE THE LEASE UPON ONE FULL MONTH'S NOTICE. Appellant claims that the trial court improperly failed to enforce paragraph 12 of the rental agreement. We agree. The trial court held that Appellant needed "good cause" to terminate the lease sub judice because the parties in this matter modified the monthly rental agreement by including language creating a five (5) year lease rather than a monthly tenancy as stated in the heading of said lease. Paragraph 12 of the rental agreement in this matter, reads as follows:; This agreement and the tenancy hereby granted may be terminated at any time by either party hereto by giving to the other party not less than one (1) full month prior notice in writing. While the trial court correctly found that a five (5) year lease was created, said lease retained to each party the right of termination by either party, at any time, with one month's prior notice, without the requirement of cause. This court finds that Appellant complied with the notice requirement contained in paragraph. This court further finds that this provision does not conflict with Chapter 5321 of the Ohio Revised Code. As this court finds no restrictions exist with regard to termination of a lease for a five year period and finding no conflict between paragraph 12 of the lease and the amendment regarding the duration of said lease, this Court finds that such provision should have been enforced. By adding a requirement of "good cause" for exercise of the termination option, the trial court was re-making the contract and was a creating a contract different from that to which the parties agreed. Appellant's assignment of error is sustained. The decision of the trial court is reversed and eviction in this matter is hereby ordered.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Municipal Court, Ohio is reversed.
 ___________ Boggins, J.
Edwards, P.J., Hoffman, J., concur.